IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| PAUL THOMAS JOHNSON III, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| ENGINEERED FLOORS, LLC, | |
| Defendant. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Paul Thomas Johnson III ("Plaintiff" or "Mr. Johnson"), by and through undersigned counsel, and files this, his Complaint for Damages against Defendant Engineered Floors, LLC, ("Defendant"), and respectfully shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

1

2.

This action seeks declaratory relief and damages for Defendant's violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981") for subjecting him to wrongful retaliation. This action also seeks declaratory relief and damages for Defendant's failure to honor the contract described herein between Plaintiff and Defendant.

## **JURISDICTION AND VENUE**

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1981.

4.

Defendant is a domestic professional corporation that is qualified to do business in this District. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## PARTIES

5.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

7.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

8.

Defendant may be served through its Registered Agent, John P. Neal, III, located at 1502 Coronet Drive, Dalton, Georgia 30720.

## ADMINISTRATIVE PROCEDURES

9.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 18, 2020.

10.

The EEOC issued a "Notice of Right to Sue" on December 10, 2020, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

11.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**FACTUAL ALLEGATIONS**

12.

Mr. Johnson was hired by Defendant in 2009 to lead the Finance Department.

13.

During Mr. Johnson's employment with Defendant, he witnessed multiple acts of discrimination, and he brought these acts to Defendant's attention.

14.

Mr. Johnson heard Norris Little, co-owner and close advisor to CEO Robert Shaw, state that Defendant should not hire blacks.

15.

Mr. Johnson heard Mr. Shaw say that someone his company was attempting to hire was too old, and that his company should focus on hiring younger people.

16.

Mr. Johnson witnessed Hispanic employees be denied benefits that were provided to white employees, such as educational benefits, or be denied the opportunity to apply for positions within the company that were offered to white employees.

17.

Mr. Johnson witnessed discriminatory pay and bonus practices within the company.

18.

When Mr. Johnson complained about discriminatory hiring and compensation practices to HR, Defendant did nothing to stop it.

19.

On July 16 and July 20, 2020, Mr. Johnson emailed the VP of HR, Louis Fordham, to report instances of discrimination.

20.

Mr. Johnson told Mr. Fordham that Tonia Lockman, a manager in the Finance Department, was recruiting a White employee for a position that did not yet exist. Mr. Johnson noted that this was like a previous instance in which Corey Gardner,

Director of Accounting and Financial Reporting, had promised a job to a White employee before there was an actual job opening.

21.

Mr. Johnson complained that in doing so, Mr. Gardner had failed to speak with or recruit in any fashion a Hispanic employee with more experience and qualifications.

22.

Mr. Johnson also reported discrimination and raised concerns about Defendant's possible EEOC violations during a meeting with Nancy Millet (Chief Financial Officer), Mr. Fordham, and Amanda Singleton (Accounts Payable and Image Servicing Manager), on July 23, 2020.

23.

Ms. Singleton, who is Hispanic, raised her own complaints about discrimination and Defendant's biased culture.

24.

During the meeting, Mr. Johnson specifically raised concerns about Ms. Lockman's recruitment of a White employee for a position that did not yet exist.

25.

Mr. Johnson reported that the situation could be an EEOC violation.

26.

In response to their complaints about discrimination, Ms. Millet told both Ms. Singleton and Mr. Johnson that they didn't need to be at the company, if they didn't want to be.

27.

Later that day, Ms. Millet, Mr. Fordham, and Jason Reynolds (Executive Vice President, Administration) had multiple phones calls with each other, spending hours on the phone together.

28.

Ms. Millet, Mr. Fordham, and Mr. Reynolds had multiple phone calls with each other the next day, Friday, July 24, 2020, as well.

29.

In the morning on Monday, July 27, 2020, the same three individuals spoke with Mr. Shaw in his office.

30.

Later that afternoon, Mr. Shaw terminated Mr. Johnson's employment.

31.

During the termination meeting, Mr. Shaw told Mr. Johnson that because Mr. Johnson had authorized an email Ms. Singleton sent in which she complained about discrimination, he was being terminated.

32.

Mr. Shaw also told Mr. Johnson that his conduct at the meeting the week before was the basis for his termination, and that Mr. Johnson did not get along with others.

33.

Mr. Johnson had received no written disciplinary actions in the eleven years he worked for Defendant.

34.

Defendant terminated Mr. Johnson in retaliation for raising his concerns regarding discrimination in the workplace.

35.

Defendant's proffered reason for terminating Mr. Johnson's employment is a pretext for retaliation.

36.

Mr. Johnson lost pay and benefits because of his illegal termination.

37.

Mr. Johnson became the recipient of a Long-Term Incentive Profits Interest Plan (the "Plan") on June 17, 2015.

38.

Under the Plan, Mr. Johnson is entitled to a share of the appreciation in Defendant's value between the date of the granting of the Plan and the date the Plan vests. Mr. Johnson's was granted .0503% Incentive Units in Defendant.

39.

Incentive Units granted under the Plan become fully vested at age 70.

40.

Alternatively, 60% of Plaintiff's Units vest at age 65 if Plaintiff if one of the following events occur: (1) Plaintiff is terminated by Defendant without good cause; (2) Plaintiff quits for good reason; or (3) a Committee approves Plaintiff's written appeal in the case of an immediate family or employee health condition that may warrant the need for an earlier retirement date.

## CLAIMS FOR RELIEF

## COUNT I:  RETALIATION IN VIOLATION OF TITLE VII

41.

Plaintiff re-alleges paragraphs 12-40 as if set forth fully herein.

42.

Plaintiff's verbal and written statements regarding race and/or national origin discrimination in the workplace constitute conduct protected under Title VII.

43.

Defendant's termination of Plaintiff's employment because of his complaints about discrimination constitutes unlawful retaliation in violation of Title VII.

44.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

45.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages.

46.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

47.

Defendant is therefore liable for damages caused proximately resulting from its retalation against Plaintiff.

## COUNT II:  RETALIATION IN VIOLATION OF SECTION 1981

48.

Plaintiff re-alleges paragraphs 12-40 as if set forth fully herein.

49.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

50.

Plaintiff performed his contactual obligations.

51.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

52.

Plaintiff's complaint and opposition to racial and/or national origin discriminatory conduct constitutes protected activity under 42 U.S.C. § 1981.

53.

Defendant subjected Plaintiff to adverse action (termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

54.

There was a causal connection between the protected conduct and the adverse action of termination.

55.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

56.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

57.

Defendant is therefore liable for damages caused proximately resulting from its retalation against Plaintiff.

## **COUNT III:  PROMISSORY ESTOPPEL**

58.

Plaintiff re-alleges paragraphs 12-40 as if set forth fully herein.

59.

Under the Long-Term Incentive Plan, Defendant promised to compensate Plaintiff with .0503% Incentive Units in Defendant.

60.

Under the Long-Term Incentive Plan, Defendant promised to compensate Plaintiff with his full share of Incentive Units at age 70 or with 60% of his Incentive Units if he was terminated without cause between age the ages of 65 and 70.

61.

Defendant should have reasonably expected that its promises would motivate Plaintiff to perform services for Defendant and to continue doing so until at least age 65.

62.

Plaintiff did perform services for Defendant for nearly five years in justifiable reliance upon Defendant's promise to compensate him pursuant to the Long-Term Incentive Plan.

63.

Defendant must be forced to comply with its promises to provide Plaintiff with his benefits under the Long-Term Incentive Plan after it terminated him without cause.

64.

If Defendant's promises are not enforced, Plaintiff will suffer a grave injustice.

## COUNT IV: UNJUST ENRICHMENT

65.

Plaintiff re-alleges paragraphs 12-40 as is fully set forth herein.

66.

Defendant benefited from Plaintiff's services for nearly five years after it granted Plaintiff the Long-Term Incentive Plan.

67.

Defendant terminated Plaintiff without cause, such that it retained Plaintiff's Incentive Units, despite his many years of service to Defendant.

68.

Defendant will be unjustly enriched if it is not required to provide Plaintiff some or all of his benefits under the Long-Term Incentive Plan.

## COUNT V: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

69.

Plaintiff re-alleges paragraphs 12-40 as is fully set forth herein.

70.

The Long-Term Incentive Plan contained an implied-in-law covenant of good faith and fair dealing that neither party would do anything to injure the right of the other party ot enjoy the benefits of the agreement.

71.

Defendant acted in bad faith and breached the covenant of good faith and fair dealing when it terminated Plaintiff without cause, thereby eliminating Plaintiff's opportunity to earn his Incentive Units.

72.

Plaintiff performed every promise and condition on his part to be performed.

### COUNT VI: ATTORNEYS' FEES AND EXPENSES OF LITIGATION, O.C.G.A. § 13-6-11

73.

Plaintiff re-alleges paragraphs 12-40 as if fully set forth herein.

74.

Defendant acted in bad faith, has been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts;

(c)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)  Reasonable attorney's fees and expenses of litigation;

(e)  Trial by jury as to all issues;

  (f)  Prejudgment interest at the rate allowed by law;

  (g)  All other relief to which he may be entitled.

Respectfully submitted the 3rd day of February, 2021.

**BARRETT & FARAHANY**

/s/ *Amanda A. Farahany*
Amanda A. Farahany
Georgia Bar No. 646135
Zachary Panter
Georgia Bar No. 822012

*Attorneys for Plaintiff Thomas Johnson*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com
zachary@justiceatwork.com